Esteban GOMEZ, Plaintiff,

v.

AMERICAN BUILDING
MAINTENANCE,
Defendant.

No. C–95–1385 PJH.

United States District Court,
N.D. California.

Sept. 23, 1996.

Michelle M. Kuhlman, Law Offices of Michelle M. Kuhlman, San Francisco, CA, for plaintiff.

Keith I. Chrestionson, Kauff McClain & McGuire, San Francisco, CA, for defendant.

## MEMORANDUM AND ORDER

HAMILTON, United States Magistrate Judge.

Plaintiff Esteban Gomez brought this action alleging discrimination under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). Now before the court are the motions of defendant American Building Maintenance ("ABM") to dismiss for failure to state a claim and to dismiss for failure to prosecute. Having reviewed the parties' submissions and considered their arguments, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

Plaintiff was employed by ABM as a janitor beginning in 1978. He was able to perform his job duties despite the fact that he is missing one hand. In January 1991, he injured his back. In February 1993, plaintiff applied to ABM to be trained as a janitorial foreman. In April 1993, plaintiff was told by his doctors that because his back injury precluded him from heavy lifting, repetitive bending, and stooping, he could not return to his work as a janitor.

In April 1995, plaintiff filed this action, claiming discrimination in employment because of his disabilities (missing hand and permanent back injuries). He alleges that ABM refused to make reasonable accommodations, or to promote or transfer him on account of his disability, in violation of 42 U.S.C. § 12112(a).

On August 2, 1996, ABM filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that plaintiff is not able to perform the essential functions of his position and is therefore not a qualified individual with a disability under the ADA. ABM also filed a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), on the basis that plaintiff had consistently refused to participate in discovery. The court subsequently advised the parties that because ABM had submitted matters outside the pleadings for the court's consideration, ABM's 12(b)(6) motion would be treated as one for summary judgment. See Fed.R.Civ.P. 12(b); *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir.1984).

## DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The trial court may not weigh the evidence, but is required to ascertain whether a genuine issue for trial exists, drawing all

justifiable inferences in favor of the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. If the case is one, as here, where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; Fed.R.Civ.P. 56(e).

### B. The ADA

Title I of the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(9). The ADA specifies a number of actions that constitute discrimination, including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A).

Thus, in order to qualify for relief under the ADA, an employee must establish 1) that he is a disabled person within the meaning of the ADA; 2) that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job

that he holds or seeks; and 3) that he has suffered an adverse employment decision because of his disability. *Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1354 (9th Cir. 1996).[1] The plaintiff must also make a prima facie showing that reasonable accommodation is possible. *Shiring v. Runyon,* 90 F.3d 827, 831 (3rd Cir.1996). As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing that he has been the victim of illegal discrimination based on his disability. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–11, 113 S.Ct. 2742, 2747–49, 125 L.Ed.2d 407 (1993).

### C. ABM's Motion

ABM argues that plaintiff has failed to make out a prima facie case of discrimination under the ADA because he has not shown that he is a "qualified person with a disability," as defined in 42 U.S.C. § 12111. ABM contends that there is no dispute that plaintiff is unable to perform the essential functions of his job, with or without a reasonable accommodation. ABM cites to plaintiff's deposition, where plaintiff testified, first, that from the time of his back injury to the present, he has been unable to perform the lifting, carrying, pulling, pushing, bending, kneeling, squatting, or crouching required as part of his job; and second, that other than have another person perform plaintiff's job functions, there is no accommodation that ABM could have made to allow plaintiff to perform essential job functions of a janitor. *See* Exh. 1 to the Declaration of Keith Chrestionson, at 122–128, 136. ABM argues that because plaintiff is unable to perform the essential functions of his job, with or without reasonable accommodation, he is therefore not a qualified individual with a disability under the ADA.

Plaintiff agrees that he unable to perform the essential functions of his job as a janitor, and that he will continue to be unable to perform those functions in the future. He contends, however, that he is "still able to

---

**1.** *See also Collings v. Longview Fibre Co.,* 63 F.3d 828, 832 (9th Cir.1995) (noting the similarity of the ADA and the Rehabilitation Act and the extent to which Congress intended that interpreta-

tion of the ADA be informed by Rehabilitation Act precedent), *cert. denied,* —— U.S. ——, 116 S.Ct. 711, 133 L.Ed.2d 666 (1996).

work in a lighter duty capacity." Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, filed herein on August 26, 1996 ("Pltf's Opp."), at 2. He argues that ABM was obligated to accommodate him by promoting him to the position of janitorial foreman, or to some other (unspecified) position. He also alleges that ABM discriminated against him by refusing to train him, or to promote him.

Because plaintiff has not established the elements required to prevail on an ADA claim, he has failed to demonstrate the existence of a genuine issue for trial, and summary judgment is therefore appropriate.

### 1. Whether plaintiff is disabled.

As an initial matter, the court finds that plaintiff's claim that he is disabled within the meaning of the ADA is unsupported by the evidence. Under the ADA, a disability is a "physical or mental impairment that substantially limits one or more of the major life activities" of the individual claiming the disability. 29 C.F.R. § 1630.2(g)(1). "Substantially limits ... major life activities" means that the person claiming the disability is unable to perform a function that the average person in the population can perform, such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," or that he is "significantly restricted as to the condition, manner, or duration under which [he] can perform [such a function] as compared with ... the average person." 29 C.F.R. § 1630.2(i), (j). To demonstrate that an impairment substantially limits the major life activity of working, an individual must show "significant restriction in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(i); see Holihan v. Lucky Stores, Inc., 87 F.3d 362, 365–66 (9th Cir. 1996). The inability to perform a single, particular job is insufficient. Id. As the Ninth Circuit noted in Sanders,

> The ADA defines "disability" with specificity as a term of art. Hence, a person may be "disabled" in the ordinary usage sense, or even for the purpose of receiving disability benefits from the government, yet still not be "disabled" under the ADA. The converse may sometimes be true as well.

Sanders, 91 F.3d at 1354 n. 2.

The evidence submitted in connection with this motion shows that plaintiff's impairment is not severe enough to substantially limit his ability to work. Although he is not capable of performing the essential functions of his former job as a janitor, he is capable of some other kinds of job duties. In a declaration filed on August 30, 1996, along with ABM's reply papers, Pramila R. Gupta, M.D. states that she conducted a neurologic examination of plaintiff "at the request of the parties" on March 8, 1993.[2] Attached to Dr. Gupta's Declaration as Exhibit 1 is a copy of the report of that examination. In the report, Dr. Gupta states that plaintiff suffers from a permanent partial disability "such that it would be reasonable to preclude [him] from heavy lifting, repetitive bending and stooping." She reviewed the submitted job description of a janitor with ABM, and notes that the job duties "do not appear to be congenial to the patient's disability." She adds that plaintiff "cannot do the lifting, bending and stooping required in the janitor job," but that he "can medically engage in and complete a vocational rehabilitation program congenial to his disability."

In his declaration, filed along with his opposition to ABM's motion, plaintiff states that he is "physically able and qualified to be placed in a foreman position, either working or non-working that required light to no physical duties." Declaration of Esteban Gomez in Opposition to Defendant's Motion to Dismiss, ¶ 6. He states further, "I however am still able to work and I have requested ABM's assistance in finding another position with my long time employer. I believe that I can work in a foreman position both working and non-working. Working foremen do light physical work and are able to direct others to do any heavy work. As described above a

---

2. Although this lawsuit was not filed until April 1995, and there were therefore no "parties" until that date, the court assumes that Dr. Gupta was referring to plaintiff and ABM.

non-working foreman supervises other janitors." *Id.* at ¶ 9.

Thus, the evidence shows that while plaintiff is unable to perform the job duties of a janitor at ABM, he is able to work. Accordingly, since plaintiff has not met his burden of demonstrating the existence of a genuine issue of disputed fact on the question of his actual disability, the court concludes as a matter of law that he was not actually disabled within the meaning of 42 U.S.C. § 12102(2)(A) because he was not substantially limited from any major life activity.

2. Whether plaintiff is qualified to perform the essential functions of his job

■ Although the finding that plaintiff is not actually disabled should dispose of the ADA claim, ABM did not raise this issue in its motion, and the court will therefore consider the issue actually raised—whether plaintiff is "qualified" under the meaning of the ADA. As with the issue of disability, plaintiff here fails to establish that there are disputed material facts for trial.

In determining whether a person is "qualified" within the meaning of the ADA, the court must undertake a two-part analysis.

The first step is to determine if the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc. . . . This is sometimes referred to in the Rehabilitation Act caselaw as determining whether the individual is "otherwise qualified" for the position. . . . The second step is to determine whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation. The purpose of this second step is to ensure that individuals who can perform the essential functions of the position held or desired are not denied employment opportunities because they are not able to perform marginal functions of the position.

29 C.F.R. § 1630.2(m) App.

With regard to the first step of the analysis, although plaintiff offers no evidence on this issue, the court concludes that plaintiff is "otherwise qualified" for the janitor position, by virtue of the fact that he was employed by ABM as a janitor from 1978 until some point after he injured his back in 1991.

With regard to the second step, plaintiff admits in his opposition to ABM's motion that he cannot perform the essential functions of his job as a janitor. He also testified in his deposition that, short of having another person perform his job functions for him, there was no possible accommodation that would have made it possible for him to perform his job. Since a plaintiff in an ADA case bears the burden of demonstrating that he can perform the essential functions of his job with or without reasonable accommodation, *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990), and plaintiff has conceded the opposite, that effectively ends the inquiry.

■ Nevertheless, plaintiff contends that a promotion or advancement to a supervisorial position would have accommodated his disability and rendered him a qualified individual within the meaning of the ADA. There are at least two problems with this argument. First, an employer is not required to hire or retain an employee who is not qualified to perform a job. It therefore follows that an employer need not make an accommodation for an individual who is not otherwise qualified. *See* Equal Employment Opportunity Commission, *Technical Assistance Manual on the Employment Provisions (Title I) of the Americans With Disabilities Act* ("EEOC Manual"), § 3.1, *reprinted in* 2 *Americans With Disabilities, Practice and Compliance Manual* (Lawyers Cooperative Publishing, 1995); *see also School Board of Nassau County v. Arline,* 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987) (an employer is not required to find another job for an employee who is not qualified for the job he or she is doing); *Fuller v. Frank,* 916 F.2d 558, 562 (9th Cir.1990) (a disabled employee is required to be qualified for the then-current position he holds). Because plaintiff is not capable of performing the essential functions of his job as a janitor, there can be no genuine issue that he could perform his job with some reasonable accommodation. The second problem with plaintiff's argument is that even if plaintiff

were a "qualified individual," an employer is not required to consider reassignment except to a position equivalent, in terms of. pay and other job status, to the one presently held by the disabled employee. *See* EEOC Manual § 3.10(5).

An accommodation is "any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. § 1630.2(*o*) App. Reasonable accommodation may include "job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modification of equipment or devices; appropriate adjustment or modification of examinations, training materials or policies; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(*o*)(2).

■ This list is not inclusive, but there are limits. For example, an employer is not required to create a new position to accommodate the disabled worker, or to reallocate "essential functions." *See, e.g., White v. York Intern. Corp.*, 45 F.3d 357, 362 (10th Cir.1995) "The essential functions are by definition those that the individual who holds the job would have to perform, with or without reasonable accommodation, in order to be considered qualified for the position." 29 C.F.R. § 1630.2(*o*) App. Nor can an employer be required to hire a full-time employee to assist the disabled employee, 29 C.F.R. § 1630.2(*o*) App., or to "promote an individual with a disability as an accommodation." *Id.* (citing S.Rep. No. 116, 101st Cong., 1st Sess. 31–32 (1989); H.R.Rep. No. 485 part 2, 101st Cong., 2d Sess. 63 (1990); U.S.Code Cong. & Admin.News 303, 345.) The ADA prohibits discrimination against qualified individuals, no more and no less. It does not require "affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled." *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1263, 134 L.Ed.2d 211 (1996). Plaintiff's argument thus ignores the intent of Congress and the Secretary of Labor that an employer not be required to offer a promotion solely as a reasonable accommodation to an individual with a disability. 29 C.F.R. § 1630.2(*o*) App.

Finally, with regard to any allegation plaintiff intended to make, apart from the reasonable accommodation issue, that ABM refused to train, transfer, or promote him on account of his disability, the court finds that plaintiff has .presented no evidence to support either a refusal to train, transfer, or promote, or a discriminatory animus.

## CONCLUSION

While the court must resolve doubts in favor of plaintiff as the nonmoving party, he has produced no evidence that accommodation was possible. Thus, he has failed to establish an essential element of his case: that he is a "qualified person with a disability" entitled to the protections of the ADA. Nor has he presented evidence establishing a material issue for trial with regard to his allegation of discriminatory failure to train, transfer, or promote. For those reasons, ABM's motion for summary judgment is GRANTED. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Accordingly, the court need not address defendant's Rule 41(b) motion. The pretrial and trial dates are VACATED.

**IT IS SO ORDERED.**