Albert PERU, Plaintiff—Appellant,

v.

MOBIL CORPORATION; Mobile Business Resources Corporation; Mobil Oil Corporation, Defendants—Appellees.

No. 01–57041.

D.C. No. CV–00–04089–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Jan. 31, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

Albert Peru sued his former employer, Mobil Corporation, for disability discrimination under California's Fair Employment and Housing Act ("FEHA") after Mobil terminated Peru. The district court granted summary judgment in favor of Mobil on the ground that no genuine issue

of material fact existed as to Mobil's reasonable accommodation of Peru's disability. We exercise our jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court assumed for purposes of summary judgment that Peru suffered a disability within the meaning of FEHA. We proceed on the same assumption.

Peru's medical condition prevented him from holding his regular position as a vacuum truck driver. The essential functions of Peru's truck driving position included frequent standing and bending, as well as lifting, transporting, and connecting hoses weighing up to fifty pounds and occasional work with hoses weighing up to seventy-five pounds. According to his own physician's reports, Peru's back condition rendered him unable to perform these functions. Mobil "[was] not required to create a new position to accommodate [Peru], or to reallocate 'essential functions.'" *Gomez v. Am. Bldg. Maint.*, 940 F.Supp. 255, 260 (N.D.Cal.1996); *see also* Cal. Gov't Code § 12940(a)(1) & (2).

Peru further contends that if he could not return to his vacuum truck driving position, Mobil should have reassigned him to another position in the company. However, an employer is only obligated to reassign a disabled employee to an existing, vacant position for which the employee is qualified. *See Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 227, 87 Cal. Rptr.2d 487 (1999); *Le Bourgeois v. Fireplace Mfrs., Inc.*, 68 Cal.App.4th 1049, 1059, 80 Cal.Rptr.2d 660 (1998); *Prilliman v. United Air Lines, Inc.*, 53 Cal.App.4th 935, 948–49, 62 Cal.Rptr.2d 142 (1997). Mobil adduced evidence that there were no comparable jobs for which Peru was qualified. Peru introduced no contrary evidence.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Nor did Mobil fail to enter into the good-faith interactive process necessary to determine a reasonable accommodation. *See Prilliman,* 53 Cal.App.4th at 948–49, 62 Cal.Rptr.2d 142. Mobil's consultation with Peru's physician, referral of Peru for two functional capacity evaluations, detailed assessment of his truck driving position, and attention to potential reassignments were sufficient steps toward a good-faith interactive process.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.