Sheena M. EVANS, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster General, United States Postal Service (Pacific/Western Region), Defendant.

No. CV–96–545–AAH(Ex).

United States District Court,
C.D. California.

May 14, 1997.

Walter Kuiland, Walnut, CA, for Plaintiff.

Nora M. Manella, U.S. States Attorney, Leon W. Weidman, Assistant U.S. Attorney, Sara R. Robinson, Assistant U.S. Attorney, Los Angeles, CA, for Defendant.

## DECISION, FINDING OF FACTS, CONCLUSIONS OF LAW, AND ORDER OF SUMMARY JUDGMENT

HAUK, District Judge.

### I. INTRODUCTION

The instant case is a disability discrimination action filed pursuant to the Rehabilitation Act, codified at 29 U.S.C. § 791 et seq.[1] Plaintiff, a former United States Postal Service ("USPS") employee, alleges in her Complaint that she was fired from her job because of an injury she sustained to her left foot.

In 1989, Plaintiff Sheena M. Evans ("Evans") was hired by the USPS to work in the City of Glendora, California postal branch. Ms. Evans was terminated from her position as mail carrier effective June 6, 1992.

Ms. Evans story really begins in January 1990, when she allegedly fractured toes on her left foot while getting out of her postal vehicle to deliver mail. She eventually underwent surgery for that injury on September 28, 1990, and was out of work until November 19, 1990. Evans' injury, which allegedly caused her to limp, restricted her ability to perform certain tasks—such as driving, standing for long periods of time, walking long distances, and so forth.

According to Plaintiff, as Glendora Postmaster Robin Carol Hirabayashi ("Hirabayashi") became frustrated by Evans' limited work capabilities, they set out to prove that Evans' injuries were not "legitimate." [2] It was at this point, and after Plaintiff's treating physician recommended surveillance video be taken (see Dr. Miller Letter, Def.'s Ex. I at 2), that the USPS videotaped Evans away from work. In a videotape submitted by Defendant, Evans is allegedly caught on

---

1. The legal standards the courts use for evaluating a complaint under this section are the same as those standards for the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 et seq.). See 29 U.S.C. § 791(g) (West Ann. Supp.1997).

2. This is only raised in Pl.'s Opp'n memorandum for the instant motion, and there is no citation to any evidence tending to prove this point.

video without a noticeable limp. It was partly because of this video, seen by Dr. Miller, that led the USPS and Dr. Miller to conclude that Evans was "misrepresenting her condition." (*See* Dr. Miller Letter, Ex. O at 2.)

The USPS had also learned that Evans misstated information on her pre-employment medical questionnaire and application concerning prior injuries, medical examinations, psychiatric evaluations, and so forth. (*See* Pre-employ. Applic., Def.'s Ex. A; Med. Ques., Def.'s Ex. B; Investig. Rpt., Def.'s Ex. K at 4, 8; Def.'s Memo. at 2–3, 8.) Thus, according to Defendant, the USPS fired Evans because she apparently lied on her medical questionnaire and because she was maligning her alleged foot injury. (*See* Ex. K at 8.) It is Plaintiff's further contention, however, that she was fired from her job as retaliation for reproaching the advances of Hirabayashi and also because she saw Hirabayashi intimately involved with another woman.

## II. DISCUSSION

### A. Legal Standard For Motions For Summary Judgment

Fed. R. Civ. Proc. 56(c) authorizes entry of summary judgment "if ... there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). While a mere scintilla of evidence is not sufficient to defeat a properly supported motion for summary judgment, *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511, the motion should be denied if there are any genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). And when considering a motion for summary judgment, the trial court must review the evidence in the light most favorable to the non-moving party. *T.W. Elec. Serv. v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir.1987).

In employment discrimination cases, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the defendant employer to produce evidence of nondiscriminatory reasons for the plaintiff's dismissal. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506–10, 113 S.Ct. 2742, 2746–49, 125 L.Ed.2d 407 (1993).[3] Once the defendant employer presents such evidence, the burden shifts back to the plaintiff employee to prove that the defendant's proffered explanation is a pretext for discrimination and that she was in fact the victim of discrimination. *Id.* at 509–10, 113 S.Ct. at 2748–49. Summary judgment must be granted in favor of the defendant employer if the plaintiff is unable to demonstrate a genuine issue of fact as to pretext once the employer proffers evidence showing non-discriminatory reasons for the plaintiff's dismissal. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1437 (9th Cir.1990) (citing *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir.1987)).

In *Collings v. Longview Fibre Co.*, the Ninth Circuit recently explained the employee's burden of production in a disability discrimination case once the employer proffers evidence tending to show nondiscriminatory reasons for a plaintiff employee's dismissal. The court concluded that granting summary judgment for the employer in an employee's Rehabilitation Act action was appropriate in their case because the employee failed to show that the nondiscriminatory reason offered by the employer for the employee's discharge was pretextual; there was no indication that the employer knew of the employee's disability *or* fired him solely because of his disability. *Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir.1995) (citing *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1181 (6th Cir.1993)). The *Collings* court went on to explain that " '[m]ere assertions that [an employer] had discriminatory motive and intent ... [is] inadequate, without *substantial factual evidence*, to raise ...

---

**3.** *Hicks* was a case involving racial discrimination, but the courts evaluate disparate treatment cases in the employment context according to the same legal and evidentiary standards. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1436

(9th Cir.1990) (e.g. age discrimination claim is analyzed according to the same legal and evidentiary burdens as race discrimination claims under Title VII).

a genuine issue of material fact as to pretext in order to avoid summary judgment.'" *Collings,* 63 F.3d at 834 (quoting *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983) (emphasis added)). Thus, if Plaintiff establishes a prima facie case and Defendant then offers evidence that the discharge was nondiscriminatory, Plaintiff must then present "substantial factual evidence" that gives rise to genuine issues of material fact as to pretext.

### B. The 3–Prong Test
#### 1. Prima Facie Case Prong

Plaintiff need only establish that she had a disability (that a "major life activity" was impaired), and that she was otherwise qualified for the job and/or a reasonable accommodation was not made by her employer to accommodate her injury. *See Id.; see also* 29 C.F.R. § 1630.2.

#### a. The evidence of Plaintiff's disability

■ Plaintiff has offered evidence that she injured her left foot and could not walk, drive, stand for long periods of time, and so forth. This qualifies as a disability under the law, which defines a disabled person as someone whose "Major Life Activities such as caring for oneself, performing manual tasks, walking, seeing, speaking, breathing, learning, and working" are substantially limited. *See* 29 C.F.R. § 1630.2(i).

Defendant correctly argues that temporary, non-chronic impairments do not rise to the level of a "disability" under the Act. *See* 29 C.F.R. § 1630.2(j) app. (1997). Defendant then offers evidence that her injury was not that severe. However, Dr. Miller, Plaintiff's treating physician at all relevant times, acknowledged that "the most recent surgical intervention removed excessive scarring about the digital nerve, and in my opinion, this represents a sequela of her original trauma and subsequent surgery of 10/02/90 ... [i]t appears, in fact, that this case should have been re-opened and covered since I had last discharged the patient on 5/28/92." (*See* Pl.'s Ex. 35 at 1.) Thus, while there are

serious questions as to the extent of Ms. Evans injury, *see infra,* Plaintiff has offered enough evidence to establish that Plaintiff was potentially impaired enough such that she could be considered "disabled" as of the time of her discharge in 1992.

#### b. "Otherwise qualified" & "reasonable accommodations" issues

It is Defendant's contention that Plaintiff's statement that she could not be a mail carrier means that she was not otherwise qualified for the job. The federal regulations, however, require an employer to make "reasonable accommodations" for handicapped employees. 29 C.F.R. 1630.2(p). Plaintiff interprets "reasonable accommodations" to mean that the postal service must place its employees in other available postal jobs if such work is in fact available. Plaintiff contends that she was in fact engaged in light duty office work for USPS,[4] that she was told by Hirabayashi that these "lighter duties/jobs" were available to her, and that this reasonable accommodation was cut short by her dismissal. (Pl.'s Opp'n at 17.) In other words, Plaintiff contends that the USPS could have and therefore was required to reasonably accommodate her by giving her "lighter" office tasks to perform. Defendant fails to directly respond to these arguments so this part of the first prong must be deemed satisfied.

#### c. Plaintiff was fired while she was apparently disabled

It is not contested that Plaintiff was in fact fired at the time she claims to have to been physically impaired. Thus, pursuant to the reasoning herein and in Parts IIB1a-b, *supra,* it is this Court's conclusion that Plaintiff has established a prima facie case of disability discrimination.

#### 2. Nondiscriminatory reasons for her dismissal have been offered

■ Defendant contends that Plaintiff was fired for two reasons: (1) she lied on her preemployment medical questionnaire; and (2) the USPS had documented evidence tend-

---

**4.** Plaintiff contends that although her injury did not allow her to work at the USPS as a mail carrier, she was still "otherwise qualified" for her postal job because she completed various

light office tasks before being fired. For example, she was allowed to sort mail, fill-out paperwork, and perform other sit-down duties. (*See* Pl.'s Opp'n at 17–18.)

ing to show that she was misrepresenting her ailments. Because the evidence is clear that the information she provided on her medical/employment related forms was incorrect, (*see* Def.'s Ex. A–C), and since the videotape and other evidence demonstrates that a reasonable person could believe that her injury was not as serious as she contends, this prong must be deemed satisfied. (*See, e.g.,* Videotape; Luna Stat., Def.'s Ex. L; Whitlock Stat., Def.'s Ex. J).

### 3. Substantial evidence of pretext has not been offered

It is this prong that is fatal to Plaintiff's case. Unfortunately for Plaintiff, there is no evidence that tends to show that Evans was fired because of her handicap. In fact, it is Defendant's contention that Plaintiff was fired because the USPS had evidence that showed Evans was misrepresenting the extent of her injury, that she was untruthful when filling out her employment application, and that the evidence of her dishonesty in her medical questionnaire, discussed *supra*, further buttressed the USPS' reasons for believing she was a dishonest person who was exaggerating the extent of her physical ailments. Thus, the issue here is not whether Plaintiff was actually disabled but whether Plaintiff has introduced evidence which tends to show that the USPS fired her because she was disabled rather than because they thought she was misrepresenting the extent of her injuries.

The evidence offered by Defendant, however, demonstrates that the USPS personnel involved in the investigation of Plaintiff's injuries considered all the evidence they had gathered, (*see* Investig. Memo., Def.'s Ex. K

at 1–2; Investig. Summ., Def.'s Ex. M), and because of the videotape footage, the statements offered by USPS employees Donna Whitlock and Safety & Health Specialist Alfonso Luna, (*see* Def.'s Exs. J, L),[5] and a medical opinion by Dr. Miller, (*see* Def.'s Exs. I, O), the USPS concluded that Plaintiff was misrepresenting her ailments. Plaintiff, however, offers only assertions that this was not the reason why she was fired. Therefore, the lack of "substantial evidence" showing that this was all a pretext for disability discrimination leads this Court to the conclusion that summary judgment against Plaintiff is appropriate.

Moreover, Plaintiff's underdeveloped argument that Glendora Postmaster Hirabayashi fired Evans in order to get back at her for reproaching her advances and because Plaintiff saw her with another woman actually cuts against Plaintiff's case for disability discrimination. This is because this tends to show, if in fact true, that Plaintiff was not fired because of any disability but because of those events that initially formed the basis for her recently voluntarily dismissed sexual harassment claim.[6]

Furthermore, although Plaintiff makes a vague reference to Postmaster Hirabayashi being fed up with Plaintiff not having to perform more strenuous work tasks, (*see* Pl.'s Opp'n at 8), there is no citation[7] to an attached exhibit or any other supporting evidence. While this could've been some evidence tending to show that Defendant's proffered reason was a pretext for disability discrimination, Plaintiff has provided no evidence in support of this point other than a mere assertion. *See Collings,* 63 F.3d at 834

---

5. Donna Whitlock, a USPS employee, filed a statement with the USPS attesting to the fact that Ms. Evans was seen running across a street carrying grocery bags. Mr. Luna attested to the fact that Ms. Evans was seen walking without a limp when she was not at work.

6. Plaintiff had originally brought a cause of action for sexual harassment on the job, but voluntarily dismissed that claim on March 5, 1997. (*See* Stipul. To Dismiss Second Cause Of Action, Entered 3/5/97.)

7. It is important to note that this Court is not obligated to consider matters not specifically

brought to its attention. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 14.145.2 (1993). The opposition to a summary judgment motion must designate and reference *specific* triable facts. *Frito–Lay v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988) ("failure to designate and reference triable facts was, in light of the language of Rule 56(c) and governing precedent, fatal to its opposition."); *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (rejecting notion that "the entire record must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered.")

(citing *Steckl,* 703 F.2d at 393) (explaining that a Plaintiff's mere assertion of discrimination is not enough to defeat an employer's motion for summary judgment).

Therefore, because Defendant has offered evidence showing that there were nondiscriminatory reasons for firing Plaintiff, and since Plaintiff has not offered substantial evidence of direct *disability* discrimination or substantial evidence that tends to show that the employer's proffered reasons are not entitled to any credence, the summary judgment test for employment discrimination cases has not been satisfied by Plaintiff. *See* Part IA, supra; *see also Merrick,* 892 F.2d at 1437 (citation omitted) (stating that pretext is shown two.ways: (1) directly persuading the court that a discriminatory reason more likely motivated the employer; or (2) indirectly by showing that the employer's proffered explanation is not worthy of credence).

## III. CONCLUSION AND ORDER

While it is possible that Plaintiff may have viable wrongful termination claims for reasons *other than* disability discrimination, those claims are not before us. The issue in this case is whether the employer's reasons for firing Plaintiff is merely a pretext for disability discrimination, and Plaintiff has not offered any evidence that tends to show that Evans was dismissed from her job because she was disabled. Thus, although it appears that Plaintiff has presented evidence sufficient to establish a prima facie case of discrimination—i.e. she may have been "disabled" and was discharged while she was disabled—judgment for Defendant is appropriate in this case because Plaintiff has not offered *substantial evidence* that would create a genuine issue of material fact as to intentional disability discrimination.

### *ORDER*

Therefore, this Court, having duly considered Defendant's Motion For Summary Judgment, exhibits attached thereto, Plaintiff's Opposition To Defendant's Motion For Summary Judgment, and exhibits attached thereto, the oral arguments at the May 12, 1997 hearing regarding this motion, as well as all other pleadings related to this motion,

HEREBY ORDERS THAT:

(1) Defendant's Motion For Summary Judgment should be GRANTED; and

(2) The Clerk of the Court shall serve a copy of this Decision, and the Summary Judgment to be filed and entered hereafter, on all counsel of record.

SO ORDERED.