Martin D. COLLINGS, Plaintiff–Appellant,

v.

LONGVIEW FIBRE COMPANY, Defendant–Appellee.

Richard James BEAMER; James C. Banes; James Miller; Michael Shay; Guy Yeager; Billy R. Staggs; Barry J. Reeves, Plaintiffs–Appellants,

v.

LONGVIEW FIBRE COMPANY, Defendant–Appellee.

Nos. 94–35410, 94–35417, 94–35418, 94–35424 to 94–35426, 94–35431 and 94–35434.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1995.

Decided Aug. 14, 1995.

David H. Putney, Yakima, WA, for plaintiffs-appellants.

Lewis K. Scott, Lane, Powell, Spears, Lubersky, Portland, OR, for defendant-appellee.

Before: BROWNING, BOOCHEVER, and NELSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

Martin Collings and seven other former employees of Longview Fibre Company ("Longview") appeal the district court's summary judgment in favor of Longview in the employees' consolidated employment discrimination action. The employees allege that Longview wrongfully terminated them for their drug addiction disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, and the Washington Law Against Discrimination, RCW 49.60.180. The district court found that Longview fired the employees, not because of their alleged drug addiction disability, but because of their drug-related misconduct at the workplace,

and the court therefore dismissed their claims. We affirm.

## FACTUAL BACKGROUND

Each of the eight plaintiffs in this action worked in Longview Fibre Company's box manufacturing plant in Washington. The plant contained large, fast-moving machinery which, when not handled properly, posed a risk of serious injury.

Longview imposed strict rules prohibiting employee use of drugs at the workplace. As a federal government contractor, Longview was governed by the Drug–Free Workplace Act, 41 U.S.C. §§ 701–707.[1]

In May 1992, Longview hired the outside firm of Krout & Schneider to investigate rumors of drug activity among the employees in the plant. Stephen Murti, an undercover operative, worked at the plant for six months and recorded his daily personal observations of drug activity.

On November 10–12, 1992, after the undercover investigation was completed, eighteen employees, including the eight plaintiffs, were interviewed at the plant by representatives of Krout & Schneider. Each employee was asked to reveal candidly his own involvement with drugs at the plant and his knowledge of the involvement of others. The employees were asked to prepare sworn written statements in their own writing summarizing the statements they had made about their own drug activities and the activities of other employees. Longview management representatives then entered the room, and the employees tape-recorded their written statements in an "oral declaration" and answered further questions posed by the interviewers. The employees confirmed that the interviews had been conducted fairly and that no promises of continued employment had been made.

The investigators prepared reports on each employee which summarized the information gathered as a result of Murti's personal undercover observations, the employee's own

---

1. That Act requires government contractors to certify that they "will provide a drug-free workplace by ... notifying employees that the unlawful ... distribution, dispensation, possession, or use of a controlled substance is prohibited in the person's workplace" and by warning employees that they must abide by those terms "as a condition of employment." 41 U.S.C. § 701(a)(1)(A), (D).

admissions during the interviews, and other employees' sworn statements. After reviewing these reports, Longview decided to terminate seventeen of the eighteen employees interviewed, including the eight plaintiffs, for alleged drug-related misconduct at the workplace.

Five of the eight plaintiffs admitted their misconduct in their sworn statements taken during the interviews.[2] The three men who did not were Barry Reeves, Michael Shay, and Guy Yeager. Barry Reeves denied ever using, buying, or selling drugs, but Murti reported observing Reeves purchase marijuana at the workplace on Nov. 6, 1992, and several of the other employees indicated in their sworn statements that Reeves had been involved in drug-related activities at the plant. Michael Shay refused to make a written statement. The interviewers stated in their affidavits, however, that Shay verbally confessed his drug-related misconduct and detailed his use and sale of marijuana at work. Other employees confirmed that Shay had been involved in work-place drug activities.

Guy Yeager did not admit any misconduct, nor was he observed by Murti to be engaged in misconduct at the plant. Yeager denied ever having used, bought, or sold drugs on company property. Several of the other employees, however, indicated in their sworn statements that Yeager had engaged in drug-related misconduct at work. Longview decided not to terminate Yeager right away and continued its investigation concerning him. Shortly thereafter, Yeager pled guilty in state court to a felony charge of possessing marijuana with intent to deliver. Because his plea was contrary to his earlier denials of drug involvement, Longview concluded that Yeager had lied about his drug activities and discharged him.

The eight plaintiffs brought this action under the Americans with Disabilities Act and the Washington Law Against Discrimination, alleging that they suffered from a drug ad-

diction disability and that Longview wrongfully terminated them on the basis of that disability. They obtained expert opinions from a psychiatrist and a drug rehabilitation counselor who concluded that the employees met the diagnostic criteria for "substance abuse disorder" and that they probably were "disabled" as described by the statutes.

Longview moved for summary judgment, arguing that there were no genuine issues of material fact. After a hearing, the district court agreed and found that the employees were discharged because of their drug-related misconduct at work, and not because of their alleged substance abuse disability. The court therefore dismissed their claims. The employees now appeal.

## STANDARD OF REVIEW

■ A grant of summary judgment is reviewed de novo. Viewing the evidence in the light most favorable to the nonmoving party, the court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994).

## DISCUSSION

### I. *Americans with Disabilities Act*

The Americans with Disabilities Act ("ADA") prohibits employment "discriminat[ion] against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). The term "qualified individual with a disability" does "not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a). The ADA does, however, protect individuals who have successfully completed or are participating in a supervised drug rehabilitation program and are no longer using illegal

---

**2.** James Banes admitted breaking "company rules by smoking marijuana in company parking lot and pallet area, during lunch & work" and selling marijuana "on company property and time." Richard Beamer admitted "smoking marijuana in the company parking lot" and then

"return[ing] to work under its influence." Martin Collings recalled "smoking marijuana ... 20 times during lunch and return[ing] to work." James Miller and Billy Staggs admitted similar conduct.

drugs, as well as individuals who are erroneously regarded as using drugs when in fact they are not. *See* § 12114(b).

In the instant case, the employees argue that they were "disabled" and entitled to protection from discrimination under the ADA. Seven of them contend that although they had drug abuse problems in the past, they were all "drug-free" at the time of their discharges and had either completed drug rehabilitation programs or were in the process of being rehabilitated. The eighth plaintiff, Barry Reeves, argues that he never engaged in any drug use and was erroneously perceived as engaging in such use. The plaintiffs thus maintain that they were qualified individuals with a disability under § 12114(b) and that Longview discriminated against them by discharging them on the basis of their drug addiction disability.

Even assuming, without deciding, that the plaintiffs had such a disability, we are not persuaded by their argument. The ADA specifically provides that employers have the right to prohibit drug-related misconduct at the workplace. Section 12114(c) states that an employer:

(1) may prohibit the illegal use of drugs and the use of alcohol at the workplace by all employees;

(2) may require that employees shall not be under the influence of alcohol or be engaging in the illegal use of drugs at the workplace;

(3) may require that employees behave in conformance with the requirements established under the Drug–Free Workplace Act of 1988 (41 U.S.C. 701 et seq.);

(4) may hold an employee who engages in the illegal use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee; . . . .

The regulations accompanying the ADA indicate that employers "may discharge or deny employment to persons who illegally use drugs, on the basis of such use, without fear of being held liable for discrimination." 29 C.F.R. § 1630.3 App.

■ Courts have recognized a distinction between termination of employment because of misconduct and termination of employment because of a disability. In *Little v. FBI*, 1 F.3d 255, 259 (4th Cir.1993), the court found that an alcoholic employee was discharged because of his misconduct of being intoxicated while on duty, rather than because of his alcoholism handicap, and that therefore, the discharge did not violate the Rehabilitation Act.[3] The court noted that alcoholics and drug addicts are not exempt from reasonable rules of conduct, such as prohibitions against the possession or use of alcohol or drugs in the workplace, *id.* at 258, and employers must be allowed to terminate their employees on account of misconduct, "irrespective of whether the employee is handicapped." *Id.* at 259.[4]

■ Similarly, in this case, Longview terminated the employees on the basis of their drug-related misconduct. Five of the eight plaintiffs admitted in their interviews that they had violated company rules by buying, selling, or using marijuana at the workplace or by returning to work under its influence. In their brief in opposition to Longview's motion for summary judgment, the plaintiffs

**3.** Although the plaintiffs here brought their claim under the ADA, cases involving claims under the Rehabilitation Act are instructive. The ADA defines a disability in substantially the same terms as the Rehabilitation Act defined a handicap (now disability). The ADA enlarges the scope of the Rehabilitation Act, however, by extending its prohibition against disability discrimination to private employers. The legislative history of the ADA indicates that Congress intended judicial interpretation of the Rehabilitation Act be incorporated by reference when interpreting the ADA. *See* Laura F. Rothstein, *Disabilities and the Law* § 3.12 (1992).

**4.** *See also Flynn v. Raytheon Co.*, 868 F.Supp. 383, 387 (D.Mass.1994) ("While the ADA . . . protects an individual's status as an alcoholic, it is clear that a company need not tolerate misconduct such as intoxication on the job."); *Wilber v. Brady*, 780 F.Supp. 837, 840 (D.D.C.1992) ("The Rehabilitation Act is designed to put individuals with disabilities on equal footing with non-disabled people in regards to [employment] decisions. . . . It is not designed to insulate them from disciplinary actions which would be taken against any employee regardless of his status.").

reiterated this fact: "the plaintiffs concede drug usage, drug purchases, and drug sales in a variety of circumstances and in many cases on company property." Thus, with respect to those employees, Longview was entitled to act as it did in discharging them because their misconduct, rather than any alleged disability, was the reason for their discharge. *See Little,* 1 F.3d at 258–59; *Grimes v. U.S. Postal Serv.,* 872 F.Supp. 668, 675 (W.D.Mo.1994) (granting summary judgment to employer who discharged employee "because he possessed and distributed illegal drugs," not because of his alleged marijuana addiction disability); *Richardson v. U.S. Postal Serv.,* 613 F.Supp. 1213, 1215 (D.D.C. 1985) (granting summary judgment to employer where employee "was discharged for his criminal conduct, not because of alcoholism or poor job performance due to alcohol.").

Moreover, the ADA specifically states that individuals who are "currently engaging in the illegal use of drugs" are not protected under the statute. *See* § 12114(a). The employees argue that they were not "currently engaging" in such use when Longview fired them. They emphasize the fact that they were "drug-free" at the time of their discharge. A number of them took and passed a drug test shortly after their discharge to prove that they were not "currently engaging in the illegal use of drugs."

As the regulations indicate, however, "the term 'currently engaging' is not intended to be limited to the use of drugs on the day of, or within a matter of days or weeks before, the employment action in question. Rather, the provision is intended to apply to the illegal use of drugs that has occurred recently enough to indicate that the individual is actively engaged in such conduct." 29 C.F.R. § 1630.3 App. Therefore, the fact that the employees may have been drug-free on the day of their discharge is not dispositive. Their own admissions of drug involve-ment during the weeks and months prior to their discharge indicated that they were recently involved in drug-related misconduct.

■ The three plaintiffs who denied in their interviews, or refused to admit in a sworn written statement, that they had ever used drugs at the workplace were Guy Yeager, Michael Shay, and Barry Reeves.[5] Several of the other employees, however, stated that all three men were heavily involved in the use and sale of marijuana on company property. In Guy Yeager's case, shortly after his interview, he pled guilty to possession of marijuana with intent to deliver. Longview therefore discredited Yeager's earlier denials of drug involvement, credited the other employees' statements, and discharged him on the basis of misconduct. In his affidavit in opposition to Longview's motion for summary judgment, however, Yeager again specifically denied ever having engaged in drug-related misconduct at work. Michael Shay also denied in his affidavit engaging in such conduct.

■ Yeager and Shay in essence maintain that they never committed the misconduct for which they were fired and that there exists a genuine issue of fact as to whether the misconduct ever occurred. Unless they can show that Longview's explanation for their discharge was a pretext for disability discrimination, however, they have presented no triable issue under the ADA. *See Smith v. Barton,* 914 F.2d 1330, 1340 (9th Cir.1990), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991) (once employer offers legitimate, nondiscriminatory reason for discharge, burden shifts to employees to demonstrate that articulated reason is pretext for handicap discrimination); *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983).

In *Steckl,* the court held that summary judgment for an employer was appropriate on an employee's claim that he was not promoted because of his age. After the employ-

---

**5.** These three plaintiffs brought grievance claims under their labor contract, alleging that they were discharged without just cause in violation of that contract. The claims went to arbitration, and after a three-day hearing, the arbitrator found that Longview had just cause for terminating them because of their drug-related activity at the workplace. Although the arbitrator's decision is not dispositive of statutory rights, we note that it may be considered. *See Criswell v. Western Airlines, Inc.,* 709 F.2d 544, 548–49 (9th Cir.1983), *aff'd,* 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985).

er offered a legitimate, nondiscriminatory reason for its decision, i.e. the employee's lack of experience and not his age, the employee was required to produce "specific, substantial evidence of pretext" in order to avoid summary judgment. 703 F.2d at 393. The court held that a "party opposing a summary judgment motion must produce *specific* facts showing that there remains a genuine factual issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Id.* (emphasis in original) (quotations omitted).

Yeager and Shay have not come forward with any specific allegations of pretext. Even if it is assumed that they had a medically cognizable drug addiction disability, there was no showing that Longview had any knowledge of it and that Longview fired them because of it, rather than because of misconduct. There is no indication that Yeager and Shay were treated differently from other employees who engaged in similar conduct. Therefore, they have not produced sufficiently specific facts of pretext to avoid summary judgment. *See Landefeld v. Marion Gen. Hosp.,* 994 F.2d 1178, 1181 (6th Cir.1993) (granting summary judgment to employer in employee's Rehabilitation Act action because employee failed to show that the nondiscriminatory reason offered by employer for employee's discharge was pretextual; there was no indication that employer knew of employee's disability or fired him solely because of his disability). "[M]ere assertions that [an employer] had discriminatory motivation and intent ... [is] inadequate, without substantial factual evidence, to raise ... a genuine issue of material fact as to pretext in order to avoid summary judgment." *Steckl,* 703 F.2d at 393.

In Barry Reeves' case, however, Reeves flatly denied ever having used drugs, whether on or off company property. Although Murti stated that he had personally observed Reeves purchasing marijuana on Nov. 6, 1992, Reeves maintained that from Murti's vantage point, he could not have seen Reeves exchanging money for drugs. In his affidavit in opposition to Longview's summary judgment motion, Reeves stated, "I simply do not use drugs."

Like Yeager and Shay, Reeves essentially maintains that he never engaged in the misconduct for which he was fired and that there is a genuine issue of fact as to whether the misconduct ever occurred. Reeves further argues, however, that he never had a drug addiction problem, but was erroneously perceived by Longview as having one. Thus, Reeves maintains that he was a qualified individual with a disability under § 12114(b)(3) because he was erroneously regarded as engaging in the use of illegal drugs.

As indicated above, however, unless Reeves can show that the nondiscriminatory reason offered by Longview to explain its termination decision, i.e. that Reeves engaged in misconduct, was a pretext for disability discrimination, there is no triable issue under the ADA. In Reeves' affidavit in opposition to the summary judgment motion, he stated that Longview did perceive Reeves as having a drug problem and discharged him for that reason:

> I was specifically told that I was fired for use of marijuana, and for buying and selling marijuana and coming back to work under the influence. They clearly told me they regarded me as having a significant drug problem.... If they considered me an unsafe employee because of the use of drugs and my alleged "drug problem", they must have believed I was drug-dependent.

Reeves therefore suggests that the real reason for his termination was an erroneous perception that he had a disability when in fact he did not. We believe, however, that Reeves' conclusory assertions that Longview must have had a discriminatory intent in discharging him, without other facts to substantiate that claim, are insufficient to avoid summary judgment. Because of safety concerns involving the large, fast-moving machinery at the plant, the rule against alcohol and drug-related misconduct was a justified occupational standard. Reeves' discharge resulted from Longview's belief that he violated that rule on specific occasions. Terminating him on the basis of those isolated, specific incidents is not the equivalent of perceiving that he suffered from a disability

and was fired solely because of that perceived condition.

Therefore, we find that the district court properly granted Longview's summary judgment motion with respect to the plaintiffs' ADA claims.

## II. *Washington Law Against Discrimination*

The Washington Law Against Discrimination provides that "[i]t is an unfair practice for any employer ... [t]o discharge or bar any person from employment because of ... the presence of any sensory, mental, or physical handicap [now disability]." RCW 49.60.180.[6] The regulations accompanying the statute define those terms:

(a) A condition is a "sensory, mental, or physical handicap" if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question.... In other words, for enforcement purposes a person will be considered to be *handicapped* by a sensory, mental, or physical condition if he or she is *discriminated against because of the condition* and the condition is abnormal.

(b) "The presence of a sensory, mental, or physical handicap" includes, but is not limited to, circumstances where a sensory, mental, or physical condition:

(i) Is medically cognizable or diagnosable;

(ii) Exists as a record or history; or

(iii) Is perceived to exist, whether or not it exists in fact.

WAC 162–22–040(1)(a), (b) (emphasis in original). The definition of handicap therefore "requires factual findings of both (1) the presence of an abnormal condition, and (2) employer discrimination against the employee plaintiff *because* of that condition." *Doe v. Boeing Co.*, 121 Wash.2d 8, 846 P.2d 531, 536 (1993) (en banc) (emphasis in original).

In this case, the plaintiffs argue that they created a factual issue as to whether they were handicapped as defined by the Wash-

ington statute. They maintain that the district court erred in granting summary judgment to Longview because the question whether they were handicapped must be determined by a jury. In support of their argument, the plaintiffs cite *Phillips v. City of Seattle*, 111 Wash.2d 903, 766 P.2d 1099, 1103 (1989) (en banc), in which the court stated that "the inquiry under WAC 162–22–040(1)(a) as to whether a person is 'handicapped' [is] factual in nature and proper for submission to a jury."

■ The plaintiffs fail to acknowledge however that "a trial court may decide a factual issue as a matter of law if there is only one conclusion that reasonable minds could reach." *Michelsen v. Boeing Co.*, 63 Wash.App. 917, 826 P.2d 214, 216 (1991). Under Washington law, "[a]lthough the question of whether a condition is a handicap is generally one for the jury, [the plaintiff] is still required to present credible evidence of that condition" and "that the handicap was the reason for the discharge." *Simmerman v. U–Haul Co.*, 57 Wash.App. 682, 789 P.2d 763, 765 (1990).

Even assuming that the plaintiffs had a drug addiction problem and that it constituted an "abnormal condition" under the statute, the plaintiffs have not shown that they were discriminated against *because* of that condition. The plaintiffs admitted that they had engaged in drug-related misconduct at the workplace, and Longview maintained that their violation of company rules prohibiting such misconduct was the reason for their discharge. Therefore, the plaintiffs' discharge did not represent disability discrimination in violation of RCW 49.60.180. *See Klein v. Boeing Co.*, 847 F.Supp. 838, 843 (W.D.Wash.1994) (plaintiff's claim under RCW 49.60.180 "must fail as a matter of law because whether or not [he] can show that he suffered from an 'abnormal condition,' he has not presented any evidence which indicates that Boeing discharged him *because* of any abnormal condition"). The "[d]ischarge of an employee for violation of a workplace rule

---

**6.** In 1993, the Washington statute was amended to substitute the term "disability" for "handicap." The regulations accompanying the statute, however, continue to employ the term "handi-

cap." We use the terms interchangeably in this section, noting, however, that "disability" is the preferred term.

does not constitute discrimination based upon an employee's alleged disability." *Id.; see also Doe*, 846 P.2d at 536 (discharge of employee with gender dysphoria based not on "her abnormal condition but on her refusal to conform with [employer] directives on acceptable attire" does not constitute handicap discrimination under RCW 49.60.180).

■ As for those plaintiffs like Guy Yeager, Michael Shay, and Barry Reeves, who denied ever having committed the misconduct for which they were discharged, the analysis is the same as it was under the ADA. Once Longview asserted its nondiscriminatory reason for firing them, they had an obligation to present specific facts to suggest that Longview's explanations were mere pretext. *See Kastanis v. Educational Employees Credit Union*, 122 Wash.2d 483, 859 P.2d 26, 30 (1993) (en banc). "If there is no evidence of pretext, the defendant is entitled to dismissal as a matter of law. If there is evidence of pretext, the case must go to the jury." *Id.* (citations omitted).

As indicated above, Yeager and Shay did not present facts to indicate that Longview discharged them solely because of an alleged disability, rather than because of misconduct. The speculations of Barry Reeves, who maintains that Longview erroneously perceived him as engaging in illegal drug use, are insufficient to create a triable disability discrimination claim.

In a similar case brought under RCW 49.60.180, an employee was terminated because he violated company rules prohibiting intoxication on the job. In his affidavit, the employee claimed that he "never drank on the job" and that he "was never intoxicated at work." *Brady v. Daily World*, 105 Wash.2d 770, 718 P.2d 785, 786 (1986) (en banc). The employer's records indicated, however, that he appeared to be under the influence of alcohol a number of times while at work. The Washington Supreme Court rejected the employee's argument that he was discriminated against because the employer perceived that his alleged alcoholism was a disability. The court found that safety factors involving other co-workers made "freedom from intoxication ... a bona fide occupational qualification." *Id.* 718 P.2d at

789. The court therefore held that the employee did not have a claim under the Washington statute:

> Plaintiff's discharge resulted from the employer's belief that plaintiff violated the rule against intoxication on specific occasions. These isolated, specific incidents are not the equivalent of perceiving that plaintiff suffered the disease of alcoholism and that he was discharged for that perceived condition. Summary judgment on the claim was proper.

*Id.*

Likewise, in this case, Reeves' discharge resulted from Longview's belief that he violated company rules against drug-related misconduct on a number of occasions. There is no real indication that Longview actually perceived Reeves as suffering from a drug addiction disability and then terminated him because of that perception. Thus, Reeves has not satisfied his burden of producing specific facts to suggest pretext. Longview, therefore, is entitled to dismissal as a matter of law. *See Kastanis*, 859 P.2d at 30.

Accordingly, we find that the district court did not err in granting Longview's summary judgment motion with respect to the plaintiffs' claims under Washington law.

## CONCLUSION

We affirm the district court's order granting summary judgment in favor of Longview and dismissing the plaintiffs' claims under the ADA and Washington law. Longview terminated the employees on the basis of their admitted misconduct, and not on the basis of their alleged drug addiction disabilities. To the extent any of the plaintiffs denied committing any misconduct, they failed to meet their burden of producing specific facts to indicate that Longview's explanations for terminating them were merely pretextual.

AFFIRMED.