103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Yoshio ITO, Plaintiff-Appellant,
v.
SONY ELECTRONICS, INC., a Delaware corporation, Defendant-Appellee.
 No. 95-55909.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Yoshio Ito appeals pro se the district court's summary judgment for Sony Electronics, Inc. Ito claims his employment was improperly terminated pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 To succeed in a cause of action under the ADA for disability discrimination, the plaintiff must establish a prima facie case that 1) plaintiff is disabled within the meaning of the ADA; 2) plaintiff is qualified to do the job, with or without accommodation; and 3) plaintiff was terminated because of the disability. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996). If an employer asserts the employee was terminated for legitimate and non-discriminatory reasons, the burden shifts to the employee to show the articulated reasons are mere pretext for handicap discrimination. Smith v. Barton, 914 F.2d 1330, 1340 (9th Cir.1990), cert. denied 501 U.S. 1217 (1991).[1]
 
 
 4
 The district court held that Ito failed to establish a prima facie case because he failed to raise a genuine issue of material fact regarding whether he was disabled as defined by the ADA and whether he was qualified with or without accommodation. The district court also held that in opposing summary judgment Ito provided no evidence in response to Sony's contention his termination related to legitimate and non-pretextual reasons. See Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996).
 
 
 5
 Assuming Ito established a prima facie case, he failed to set forth specific probative evidence indicating that Sony's stated reasons for his termination were a pretext for disability discrimination.[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); See Collings, 63 F.3d at 834; Selby v. Pepsico, 784 F.Supp. 750, 755 (N.D.Cal.1991), aff'd, 994 F.2d 703 (9th Cir.1993). Ito's documented behavioral problems before the accident which gave rise to his alleged disability[3] include: 1) two incidents involving harassment of a secretary; 2) failure to treat customers appropriately; and 3) failure to follow orders from his supervisor. As a result of these actions and in accordance with company policy, Ito received a final written warning in July 1992. This letter stated that "[a]ny further such incidents will result in termination." In November 1992, after returning from medical leave, Ito caused a disturbance at a Sony promotional event. His actions prompted the general manager of a hotel to send a five-page letter to Ito's supervisors regarding Ito's behavior. Ito's outburst at the promotional event, after receipt of a final written warning, resulted in his termination effective in January 1993. Because Ito failed to present any evidence on summary judgment that Sony's articulated reasons for his termination were mere pretext for disability discrimination, his appeal fails. Collings, 63 F.3d at 834.
 
 
 6
 Finally, we decline to address Ito's opposition to the district court's award of costs of the suit, expert fees, and attorney fees to Sony because Ito raises these issues for the first time in his reply brief. United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986).
 
 
 7
 Sony's request for attorney fees pursuant to 42 U.S.C. § 12205 and 28 U.S.C. § 1912 is denied. Sony's request for sanctions under Fed.R.Civ.P. 38 is denied without prejudice to raise in a separately filed motion. See Fed.R.App.P. 38.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cases involving the Rehabilitation Act are instructive because the ADA was intended to enlarge the scope of the prohibition against disability discrimination to private employers. See Smith, 63 F.3d at 832 n. 3
 
 
 [2]
 Because of our disposition of this case, we need not determine whether Ito's complex partial seizure disorder falls under the ADA definition of disability, or whether Ito was qualified to do his job with or without accommodation
 
 
 [3]
 On October 20, 1992, Ito was involved in an auto accident and hit the top of his head on the windshield, causing his complex seizure disorder. The symptoms of Ito's condition include unresponsiveness and a swallowing reflex lasting less than a minute. Ito was also diagnosed with post-concussive syndrome which was resolved within days of the accident. He was medically cleared to return to work without limitations on November 16, 1992