116 F.3d 482
 10 NDLR P 77
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BALDETTA, Plaintiff-Appellant,
v.
HARBORVIEW MEDICAL CENTER, a public entity; University of
Washington, a public entity; King County, a municipal
corporation; David Jaffe, Chief Executive Officer of
Harborview Medical Center and as an individual; Maryellen
Antonelli, an individual; Kathleen Leach, an individual;
James Logerfo, Medical Director of Harborview Hospital and
as an individual; Defendants-Appellees.
 No. 96-35426.
 United States Court of Appeals, Ninth Circuit.
 June 11, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-94-01896-CRD; Carolyn R. Dimmick, District Judge, Presiding.
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Baldetta appeals the district court's grant of summary judgment to Appellees denying his claims of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12111-17, and the Rehabilitation Act, 29 U.S.C. § 794 (collectively, the "Acts"). Baldetta also appeals the district court's grant of summary judgment to Appellees denying his 42 U.S.C. § 1983 claim alleging First Amendment violations. Finally, Baldetta challenges the district court's discussion of qualified immunity. We affirm in part, reverse in part, and remand.
 
 I. Disability Discrimination Claims
 
 3
 To prevail on his Rehabilitation Act claim, Baldetta must show, among other factors, that he was "excluded from the position solely by reason of [his] handicap." Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir.1990). Baldetta has not made this showing. Appellees knew of Baldetta's HIV-positive status long before he arrived at work with his "HIV-Positive" tattoo, and allowed him to continue working. Harborview also would have permitted Baldetta to continue to work if he covered his tattoo. Because Baldetta's tattoo was not an unavoidable physical manifestation of Baldetta's disability, the district court did not err in granting summary judgment for Appellees on his Rehabilitation Act claim.
 
 
 4
 Moreover, by continuing to display the tattoo in defiance of Harborview's request to keep it covered, Baldetta's actions rose to the level of misconduct. In the context of an Americans with Disabilities Act claim, this court has "recognized a distinction between termination of employment because of misconduct and termination of employment because of a disability." Collings v. Longview Fibre Co., 63 F.3d 828, 832 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996). Because Baldetta's display of his tattoo was misconduct, the district court did not err in granting judgment to Appellees on his Americans with Disabilities Act claim.
 
 II. First Amendment Claims
 
 5
 When it analyzed whether Baldetta's speech was on a matter of public concern, the district court did not have the benefit of this court's recent decision in Tucker v. California Department of Education, 97 F.3d 1204 (9th Cir.1996). In Tucker, we stated: "This circuit and other courts have defined public concern speech broadly to include almost any matter other than speech that relates to internal power struggles within the workplace." Id. at 1210 (emphasis in original). Given this broad definition, Baldetta's speech was on a matter of public concern.
 
 A. Baldetta's Tattoo
 
 6
 Even with the greater protections given to speech on a matter of public concern, Appellees' interests in facilitating their patients' recovery outweigh Baldetta's interest in displaying the tattoo. Several doctors questioned by Appellees concluded that display of the tattoo would cause stress in severely injured or ill patients which could hinder their recovery. Given the precarious state of their patients' health, Appellees have made "a substantial showing that the speech is, in fact, likely to be disruptive." Waters v. Churchill, 511 U.S. 661, 674 (1994) (plurality opinion). The district court did not err in granting summary judgment to Appellees on Baldetta's First Amendment claim relating to his tattoo.
 
 B. HIV and AIDS-related Speech
 
 7
 A more difficult question is Appellees' prohibition of all HIV and AIDS-related speech by Baldetta. Baldetta claims that he was prohibited from discussing any HIV or AIDS-related topic, even with patients who initiated conversations about HIV or AIDS. One patient who asked HIV and AIDS-related questions was himself HIV-positive. Appellees' interest in preventing patient stress may not be compromised when patients initiate conversations.
 
 
 8
 We therefore reverse and remand this issue to the district court to weigh Baldetta's interest in this speech on a matter of public concern against Appellees' interests in restricting all HIV or AIDS-related speech.
 
 III. Qualified Immunity
 
 9
 The district court did not rule on the Appellees' qualified immunity defense. On remand, the district court may or may not reach the issue and decide it. In view of this, we decline to review the issue in this appeal.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 11
 Each side to bear their own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3