129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. FATHER, Plaintiff-Appellant,
v.
The BOEING COMPANY; Seattle Professional Engineering
Employees Association; Department of Health & Human
Services, State of Washington; Human Rights Commission,
State of Washington, Defendants-Appellees.
 No. 96-35147.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard M. Father appeals pro se the district court's grant of summary judgment for defendants on his claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117 ("ADA"). Father contends that the district court erred by denying him an opportunity to amend prior to granting summary judgment on his claims that (1) Boeing improperly terminated his medical insurance in violation of the ADA, and (2) the Washington Human Rights Commission ("HRC") breached their obligation of confidentiality. Father also contends that the district court erred by granting summary judgment on his claims that (1) the Seattle Professional Engineering Employees Association ("SPEEA") failed to pursue his grievances in violation of the ADA, (2) the Washington Department of Social and Health Services ("DSHS") failed to provide him with benefits in violation of the ADA, and (3) the HRC failed to investigate his claims in violation of the ADA.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a motion for leave to amend, see Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.1986), de novo the district court's grant of summary judgment, see Collings v. Longview Fibre Co., 63 F.3d 828, 831 (9th Cir.1995), and we affirm.
 
 
 4
 With respect to his claim that Boeing denied his medical benefits in violation of the ADA, Father failed to seek leave to amend his complant until after Boeing had re-noticed its motion for summary judgment following this court's dismissal of a prior appeal in this action for lack of jurisdiction. With respect to his claim that the HRC breached their duty of confidentiality concerning his statements during an interview, Father failed to seek leave to amend until after the HRC had filed a motion for summary judgment.
 
 
 5
 Although there is a strong policy favoring amendment, leave to amend may not be used "to circumvent summary judgment." Schlacter-Jones v. General Tel. of Cal., 936 F.2d 435, 443 (9th Cir.1991). Moreover, we disfavor amendments which assert new theories based on facts available from the beginning of the litigation. See Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.1986). Here, Father's medical benefits were terminated in November 1992 and his complaint was filed in February 1994. Similarly, Father knew about the alleged breach of confidentiality at the time he filed his complaint against the HRC.
 
 
 6
 Accordingly, the district court did not abuse its discretion by denying Father's motions for leave to amend his complaint. See Schlacter-Jones, 936 F.2d at 443; Acri, 781 F.2d at 1398.
 
 
 7
 With respect to his ADA claims against SPEEA, DSHS, and HRC, Father failed to present any evidence to demonstrate that their explanations for their conduct were a pretext for disability discrimination. See Collings, 63 F.3d at 833-34.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Father's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3