141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana SAVAGE-BRAUNSTEIN, an individual, Plaintiff-Appellant,
v.
KIMBERLY HOME HEALTH CARE, INC., dba Kimberly Quality Care
Corporation, a Missouri corp.; Does 1-X,
Inclusive, Defendants-Appellees.
 No. 97-15572.
DC No.CV-95-00285-ECR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Mar. 12, 1998.
Decided Mar. 27, 1998.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding.
 Before WHITE*, Justice, and NOONAN and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Braunstein appeals the district court's entry of summary judgment against her on her claim that her former employer, Olsten Kimberly Quality Care ("Kimberly"), violated the American with Disabilities Act ("ADA") when it fired her on June 6, 1994. Braunstein claims that she is a "qualified individual with a disability" within the meaning of the ADA and thus can perform "the essential functions" of a Registered Nurse Case Manager ("RNCM") with or without reasonable accommodation. See 42 U.S.C. § 2111(8).
 
 
 3
 It is undisputed that the RNCM position involved visiting bed-ridden patients. Kimberly's Caregiver Orientation Handbook states that "a large part" of the job involves "lifting, transferring, and moving clients." Braunstein has not suggested that an RNCM is not a "caregiver" and admits that she cannot lift over ten pounds continuously and can only "occasionally" lift twenty-five pounds. Therefore, Braunstein is unable to perform the essential function of lifting patients. In addition, it is undisputed that an "essential function" of RNCM is the ability to respond to emergency situations, including treating patients who have fallen onto the floor and may need CPR. Braunstein acknowledges that she is unable to squat or kneel. The ability to perform emergency duties may be an essential function of a job, even if such situations rarely arise. See Barber v. Nabors Drilling U.S.A., Inc. ., 130 F.3d 702, 709 (5th Cir.1997). Braunstein suggests no reasonable accommodation that would allow her to perform these essential functions.
 
 
 4
 Braunstein's assertion that she performed the position of RNCM from 1991-92 while suffering from the same physical conditions for which she was fired in 1994 does not raise a triable issue that she is able to perform the essential functions of an RNCM. Braunstein has presented no evidence that she can respond to emergency situations without suffering personal injury. Furthermore, Braunstein presents no "specific facts," other than her own deposition testimony, that Kimberly was aware of the extent and severity of her physical limitations in 1991-92. These assertions are not enough to survive summary judgment. See Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir.1997); Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996).
 
 
 5
 Finally, Braunstein has offered no evidence that Kimberly's legitimate, nondiscriminatory reasons for refusing to offer Braunstein the Intake Coordinator position are "a pretext for handicap discrimination." See Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir.1995).
 
 
 6
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Byron R. White, Retired Associate Justice, United States Supreme Court, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3