**Michael A.H. IHSAN, Plaintiff–Appellant,**

v.

**VISA; et al., Defendants–Appellees.**

No. 03–15540.

D.C. No. CV–99–01567–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Michael A.H. Ihsan, Chandler, AZ, for Plaintiff–Appellant.

Mary E. Bruno, Esq., Michael Lungaretti, Greenberg, Traurig LLP, Phoenix, AZ, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Michael A.H. Ihsan appeals pro se the district court's judgment in favor of defendants in his employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment. *Collings v. Longview Fibre Co.*, 63 F.3d 828, 831 (9th Cir.1995). When a party raises the issue of judicial bias for the first time on appeal, we review for plain error. *See United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir.1991). We affirm.

Ihsan's contention that the judgment was the result of judicial bias fails because Ihsan does not point to any evidence in the record of judicial bias. *See id.* at 1549.

Ihsan's contention that the district court judge suppressed evidence also lacks merit because Ihsan fails to point to anything in the record that demonstrates suppression of evidence. To the extent Ihsan contends that the district court erred in its discovery rulings, we find no abuse of discretion. *See Ingham v. United States*, 167 F.3d 1240, 1246 (9th Cir.1999).

Finally, Ihsan's contention that he should have been granted a trial by jury fails because he has not demonstrated that a triable issue of material fact exists in his case. *See Sengupta v. Morrison–Knudsen Co., Inc.*, 804 F.2d 1072, 1077–78 n. 3 (9th Cir.1986) ("The Constitution only requires that bona fide fact questions be submitted to a jury.").

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.