Keith A. JACOBS, Plaintiff—Appellant,

v.

GEORGIA–PACIFIC WEST INC.; Association of Western Pulp and Paper Workers; Toledo Local No. 13, Defendants—Appellees.

No. 04–35512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided Aug. 2, 2005.

Stephen L. Brischetto, Esq., Attorney at Law, Portland, OR, for Plaintiff–Appellant.

Bradley F. Tellam, Esq., Amy K. Brenner, Robert Lane Carey, Esq., Barran Liebman, LLP, Thomas K. Doyle, Esq., Bennett, Hartman, Morris & Kaplan, LLP, Portland, OR, for Defendants–Appellees.

---

* The Honorable Charles R. Weiner, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

Before: RYMER, TASHIMA, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM **

Keith A. Jacobs appeals the district court's order granting summary judgment for defendants in Jacobs' action alleging that his employer, Georgia–Pacific West, terminated his employment without just cause in breach of the collective bargaining agreement, and that his unions, The Association of Western Pulp and Paper Workers and Toledo Local No. 13, breached their duty of fair representation in their handling of Jacobs' grievance. We affirm.

## I. Breach of the Duty of Fair Representation

██ Jacobs argues that Local 13 handled his grievance is such a perfunctory manner as to suggest an egregious disregard of his rights. We disagree. Unlike in *Tenorio v. NLRB,* 680 F.2d 598 (9th Cir.1982), Jacobs signed a Last Chance Agreement. The evidence clearly shows that the union decided not to file a grievance because, in its view, the Last Chance Agreement foreclosed any possibility of appeal. Because the union, after deliberation and upon the advice of counsel, decided that the terms of the Last Chance Agreement eliminated the possibility of filing a grievance, there was no need for the union to thoroughly investigate the complaints or to seek out Jacobs' version of the events. In the union's eyes, Jacobs' grievance was meritless, regardless of his version of the events. This decision was neither discriminatory nor made in bad faith.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Breach of the Collective Bargaining Agreement

■ Because Jacobs' claim against Local 13 for breach of its duty of fair representation is meritless, Jacobs' claim for breach of the collective bargaining agreement must fail as well. *See Johnson v. United States Postal Serv.*, 756 F.2d 1461, 1467 (9th Cir.1985) (holding that "a cause of action for breach of a collective bargaining agreement may not be maintained if the union provided fair representation").

## III. Discrimination

■ Jacobs argues that he was discriminated against because he was falsely perceived to be "mentally unstable, hostile, violent and unable to get along with people." This argument is without merit. As we noted in *McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir.1999), "mere trouble getting along with co-workers is not sufficient to show a substantial limitation." Neither under Oregon law nor federal law does Jacobs raise a triable issue that the true reason for his termination and for the Union's decision was not his violation of the Last Chance Agreement. The record makes clear that the decision to terminate Jacobs was based upon Jacobs' misconduct, and not upon a perceived disability. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 (1995) (distinguishing between "termination of employment because of misconduct and termination because of a disability").

## IV. Inappropriate Factual Findings

■ Jacobs argues that the Magistrate Judge erred by making inappropriate findings of fact and inappropriate credibility determinations. We disagree. Jacobs points to eight specific instances where he argues that the Magistrate Judge overstepped his bounds, but the only one of these "errors" that is relevant is the finding that the union believed Jacobs had waived his right to appeal. However, there is uncontradicted evidence that the union believed there was a waiver and that it was enforceable, thus the magistrate judge did not err. It is irrelevant whether Jacobs actually waived his right to appeal. While a union's action cannot be discriminatory or in bad faith, it does not necessarily have to be correct. *See Stevens v. Moore Bus. Forms*, 18 F.3d 1443, 1448 (9th Cir.1994) ("If a union provides an explanation for having ignored a particularly strong argument during a grievance procedure that is based on reasoning, we will not question whether the reasoning was faulty or not."). Nor was it error to fail to consider the polygraph results because those results are irrelevant to whether Jacobs complied with safety rules as the Last Chance Agreement requires.

Accordingly, the decision of the district court is AFFIRMED.