**Lilia YOUNG, Plaintiff—Appellant,**

v.

**TRINITY PROPERTY CONSULTANTS, LLC; Fowler Flanagan Partners, LLC; Barrett Business Services, Inc., Defendants—Appellees.**

No. 04–16277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2006.

Decided April 5, 2006.

Bruce J. Highman, Esq., Attorney at Law, San Francisco, CA, for Plaintiff–Appellant.

Nancy Joan Sheehan, Porter, Scott, Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: NOONAN and HAWKINS, Circuit Judges, and REED,* District Judge.

## MEMORANDUM **

Lilia Young ("Young") appeals the district court's adverse grant of summary judgment on her three employment discrimination claims.[1] We affirm.

We apply the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting method of proof in evaluating Young's discrimination and retaliation claims. *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140–41 (9th Cir.2001); *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir.2001). If the plaintiff presents a prima facie claim, then "the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision." *Walker*, 272 F.3d at 1128. "If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.* To avoid summary judgment, the plaintiff must produce " 'specific, substantial evidence of pretext.' " *Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir.1995) (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983)).

Trinity Property's belief that Young tampered with company computer records to indicate that she had paid October rent constitutes a legitimate, nondiscriminatory reason for her termination. The material fact is not whether Young actually altered

1. Young's request for judicial notice of the Order Accepting Report and Recommendation of Magistrate Judge Joseph C. Spero is granted.

the records, but rather, whether Trinity Property " 'honestly believed its reason for its actions, even if its reason is ... baseless.' " *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002) (quoting *Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 733 (7th Cir.2001)). Although she denies altering the computer records, Young did not present evidence demonstrating that Trinity Property's belief was not in good faith. Consequently, even if we believe her denial, she still failed to rebut Trinity's nondiscriminatory rationale. Having presented inadequate proof of pretext, summary judgment in favor of Trinity Property was appropriate.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.