**Marjean SEARCY, Plaintiff—Appellant,**

v.

**3 DAY BLINDS INC, Defendant—Appellee.**

**No. 04–16673.**

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Decided Aug. 7, 2006.

Joseph Charles, Esq., Joseph W. Charles, P.C., Glendale, AZ, for Plaintiff-Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gilbert S. Merritt, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Thomas L. Hudson, Esq., Maureen Beyers, Esq., John Laxson Blanchard, Osborn Maledon, P.A., Phoenix, AZ, Todd Wulffson, Carlton Disante & Freudenberger LLP, Irvine, CA, for Defendant-Appellee.

Before: MERRITT,** KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM ***

As 3 Day concedes, Searcy established a *prima facie* case of discrimination because she was an over–40 female, was performing her job adequately, and was replaced by a younger male. The burden of production having shifted to 3 Day,[1] the company offered legitimate, non-discriminatory reasons for discharging her: the company was consolidating two stores, needed only one manager, and chose the one with the better attitude. "If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive."[2] To avoid summary judgment, the plaintiff must produce " 'specific, substantial evidence of pretext.' "[3]

Searcy had no evidence for the pretext beyond her *prima facie* case and speculation. The employer presented uncontradicted evidence that Searcy had expressed

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. *See Walker v. City of Lakewood,* 272 F.3d 1114, 1128 (9th Cir.2001).

2. *Id.*

3. *Collings v. Longview Fibre Co.,* 63 F.3d 828, 834 (9th Cir.1995).

a negative attitude about company practices and that the manager with whom she was competing for the single spot was seen by the company as having a positive attitude.

Searcy also appeals the district court's denial of her motion for leave to amend her complaint. Searcy was subject to a Rule 16 scheduling order and filed her motion outside of the time provided by the order. Plaintiffs wishing to amend their complaints outside of the time line established in a Rule 16 order must "show good cause for failing to amend their complaints earlier." [4] Searcy offered no "good cause." She argues that her request did not prejudice 3 Day, but lack of prejudice does not constitute good cause.[5] In any event, the district court found prejudice to 3 Day, and we cannot say that its ruling was an abuse of discretion.

**AFFIRMED.**

---

4. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000).

5. *See id.* at 1295 (Explaining that prejudice, "although not required under Rule 16(b), supplies an additional reason for denying the motion.").