MEMORANDUM ***
Robert Brown appeals the district court’s summary judgment in favor of the Secretary of the Department of Veterans Affairs (“VA”). We affirm the district court.
The district court did not err in granting summary judgment on Brown’s discrimination claim. The Rehabilitation Act (“RA”) prohibits employment discrimination on the basis of disability. 29 U.S.C. § 791 et seq. To establish a prima facie case under the RA, a plaintiff must show: (1) that he has a disability, (2) is otherwise qualified for employment, and (3) suffered discrimination because of his disability. Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir.2007). "Where the employer provides a legitimate, non-discriminatory reason for its adverse decision, the plaintiff must then show that this “explanation for their discharge was a pretext for disability *592 discrimination.” Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir.1995).
Brown’s discrimination claim fails because the VA has offered a wholly legitimate reason for Brown’s termination — he physically and verbally threatened his wife’s supervisor — and Brown has not introduced adequate evidence that this reason was pretextual.
Likewise, the district court did not err in granting summary judgment on Brown’s retaliation claim. “A prima facie case of retaliation requires a plaintiff to show: (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two.” Coons v. Sec’y of U.S. Dept. of Treasury, 383 F.3d 879, 887 (9th Cir.2004) (internal quotations and citation omitted). Once the plaintiff establishes a prima facie case of retaliation, if the employer carries the burden of presenting a legitimate, non-retaliatory reason for the adverse employment action, the plaintiff must demonstrate “a genuine issue of material fact as to whether the reason advanced by the employer was a pretext” for the retaliation case to proceed beyond the summary judgment stage. Id. (internal quotation and citation omitted).
As with Brown’s discrimination claim, the VA has asserted a legitimate reason for his termination and Brown has failed to introduce adequate evidence that this reason was pretextual.
Therefore, the judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.