**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WELTHA J. JONES-RANKINS, | No. 12-15143 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01626-FJM |
| v. | |
| CARDINAL HEALTH INCORPORATED, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Weltha J. Jones-Rankins appeals pro se from the district court's summary

judgment in her employment action alleging retaliation in violation of Title VII

and 42 U.S.C. § 1981.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment because, although Rankins established a prima facie case of retaliation based on circumstantial evidence, she failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-retaliatory reason for its decision to transfer her out of the state was merely pretextual. *See id.* at 1108 (discussing elements and burden-shifting framework of Title VII and § 1981 retaliation claims); *Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir. 1995) (employee must produce "'specific, substantial evidence of pretext' in order to avoid summary judgment" on discrimination and retaliation claims (citation omitted)).

The district court did not abuse its discretion in denying Rankins's motion for reconsideration because Rankins failed to establish grounds for such relief. *See* D. Ariz. Loc. R. 7.2(g) (court should deny reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence"); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We lack jurisdiction to consider the district court's award of costs to defendant after Rankins filed this appeal because Rankins did not file an amended or a separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We decline to address Rankins's contention that the district court erred in granting attorney's fees to defendant because there is no record of such an award.

Rankins's contentions regarding the district court's allegedly improper refusal to admit evidence that did not comply with the local rules, failure to consider defendant's intentional inflection of emotional distress, bias against her as a pro se litigant, and various other judicial improprieties in handling this case are unpersuasive.

**AFFIRMED.**