**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DRAKE EWBANK, | No.    18-35873 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-00187-MK |
| v. | |
| JEFF W. EMRICK, individually, and in his official capacity as (former) Deputy Director of AMHD of the Oregon Health Authority (OHA), AKA Jeff Emerick; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge,
and Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted June 7, 2021
Portland, Oregon

Before: WARDLAW, HURWITZ, Circuit Judges, and BOLTON,** District Judge.

Robert Ewbank appeals the district court's dismissal of his claim under

Title II of the Americans with Disabilities Act ("ADA") against Jeff Emrick and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

other officials of the Oregon Health Authority ("Defendants") without leave to amend.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Because Ewbank proceeded *pro se* below, we "construe the pleadings liberally," particularly in civil rights cases like Ewbank's, and "afford him the benefit of any doubt."  *Martinez v. Barr*, 941 F.3d 907, 916 (9th Cir. 2019) (cleaned up).  Ewbank claims Defendants unlawfully discriminated against him by allegedly terminating his membership on, and precluding him from further involvement with, state mental health advisory board committees on account of his Post-Traumatic Stress Disorder ("PTSD").  After permitting Ewbank several amendments to his complaint, the district court, adopting the magistrate judge's findings and recommendations, dismissed Ewbank's Sixth Amended Complaint ("SAC") for failing to plead a *prima facie* case of disability discrimination under Title II of the ADA.  *See Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (elements of claim).  Specifically, the magistrate judge found that Ewbank had failed to sufficiently allege that he was "a qualified individual with a disability" and that he suffered the alleged discrimination "because of his disability."  The magistrate judge also found that any further leave to amend would be "futile," and the district court therefore dismissed the SAC with prejudice.

---

[1] Ewbank does not appeal the district court's dismissal of his other claims.

Although dismissal of the SAC was appropriate, the district court erred by denying further leave to amend on the basis that further amendment would be futile.

1. As an initial matter, we note that the magistrate judge erred in finding that Ewbank failed to plead that his PTSD "satisfies the statutory definition of a disabled person." Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual," 42 U.S.C. § 12102(1)(A), and the enabling regulations explicitly provide PTSD as an example of a disabling impairment, *see* 29 C.F.R. § 1630.2(j)(3)(iii) ("[I]t should easily be concluded that . . . [PTSD] . . . substantially limit[s] brain function."). Here, Ewbank alleged that his PTSD left him "substantially limited in certain major life activities such as work, writing, and deliberation, especially with respect to disruptive thoughts . . . which at times [are] so disabling as to be unable to go out in public or function due to symptoms and flashbacks." Moreover, Ewbank also alleged that his PTSD entitled him to full, permanent disability benefits under Social Security regulations, which provide a more stringent definition of disability than the ADA. *Compare* 29 C.F.R. § 1630.2(j)(1)(ii) *with* 20 C.F.R. § 404.1505(a). Ewbank therefore sufficiently

3

pleaded that "he is a qualified individual with a disability."[2]

However, the magistrate judge correctly found that Ewbank had failed to adequately allege that his removal from the committees was "by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Ewbank did allege facts that may be considered circumstantial "proof of discriminatory animus," such as Emrick's alleged expressions of hostility regarding the role of individuals suffering from mental disabilities, Defendants' alleged frequent failure to meet the state-mandated level of inclusion for disabled persons on the advisory committees, and Emrick's alleged inexplicably extreme description of the blunt, but otherwise moderate language in Ewbank's emails as "abusive," a term Ewbank alleges is frequently used to malign individuals with a mental disability. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). But the SAC never alleges a causal link between Ewbank's removal from the advisory committees and Defendants' alleged discriminatory animus towards his PTSD, *i.e.*, that Defendants terminated his committee membership or precluded him from

---

[2] To the extent the magistrate judge also found that Ewbank failed to allege that he was "excluded from participation in or denied the benefits of a public entity's services, programs, or activities," this was also erroneous because state advisory boards that are open to public participation are "programs" or "activities" under the ADA. *Cohen*, 754 F.3d at 695; *see also id.* ("We have explained that the broad language of Title II brings within its scope anything a public entity does." (cleaned up)). Ewbank's simple allegation that Defendants removed or precluded him from the state advisory committees therefore suffices.

further participation because of his disability. As a result, the district court did not err by dismissing the SAC for failure "to state a plausible claim for relief" under Title II of the ADA. *See Cohen*, 754 F.3d at 695.

2. But the district court nonetheless erred by refusing Ewbank leave to amend his SAC on futility grounds because it is not clear "on de novo review that [Ewbank's] complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013). It is conceivable that Ewbank could more adequately allege the nexus between his committee removal and preclusion and Defendants' alleged animus towards his disability, as well as potentially add more facts in support of his claim. For example, Ewbank alleged that another committee member, Chris Bouneff, had shouted back at a state employee that he "[w]ould say what he damn well pleased." Yet, Defendants allegedly took no disciplinary action against Bouneff, a stark contrast to their treatment of Ewbank, who was swiftly terminated. If Bouneff was not disabled himself, a fact that counsel represented Ewbank would have knowledge of, it could give rise to the inference that Defendants' stated reason for Ewbank's termination was pretextual. *See*, *e.g.*, *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833 (9th Cir. 1995).

**REVERSED AND REMANDED.**

5